**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ROSALYN WISNESKI,**

**Plaintiff,**

**v.** **Civ. No. 25-1141 JCH/JHR**

**BELEN CONSOLIDATED SCHOOL DISTRICT, ex rel. BOARD OF EDUCATION, JIM DANNER, RALPH FERNANDEZ, LARRY GARLEY AUBREY E. TUCKER, and JOANNE SILVA; and LAWRENCE A. SANCHEZ, TOMASITA MURPHY OSHIRO, RHETT BURT, individually and in their Representative capacity,**

**Defendants.**

**MEMORANDUM OPNION AND ORDER**

This case stems from the former employment relationship between Plaintiff and Defendant Belen Consolidated School District. It is currently before the Court on *Defendants' Motion to Dismiss All Claims* [Dkt. No. 3], which asserts that Plaintiff has failed to exhaust her administrative remedies and that her Complaint fails to state a claim upon which relief may be granted. The motion is fully briefed. *See* Dkt. Nos. 6 and 9. After reviewing the pleadings, the briefs, and the law, the Court concludes that the motion should be granted and Plaintiff's claims should be dismissed without prejudice. The Court will afford Plaintiff an opportunity to amend her complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 7, 2025, Plaintiff filed her original Complaint in the Thirteenth Judicial District Court, Valencia County, State of New Mexico. Plaintiff alleges that she is a former instructor at

Defendant Belen Consolidated School District ("BCSD"). Doc. 1-2 at 2, ¶ 7. According to the Complaint, Defendant Rhett Burt ("Burt"), the Principal at Belen High School, "had confidential discussion with staff and he forced [Plaintiff] to move classroom [sic] to a completely inadequate classroom for her classroom teaching." *Id*. at 4, ¶ 29. Plaintiff further alleges:

> [Defendant Burt] stated he will not move others to accommodate her but would move her to accommodate others. Confidential discussion [sic] was leaked from the BHS Principal's office to several staff members, custodians and security staff who were discussing that [Plaintiff] would be fired if she refused to move. Words spoken in the private confidential personnel meeting were being used in these situations and conversation with many staff members who were privy to these conversations.

*Id*. at ¶ 30. Plaintiff alleges that Burt's communication of confidential personnel matters to other members of the staff damaged her reputation. *Id*. at ¶ 31. She alleges that despite complaining to Burt and to the Superintendent, Defendant Lawrence A. Sanchez ("Sanchez"), nothing changed. *Id*. at ¶ ¶ 31-32. Plaintiff asserts in conclusory fashion that Defendants failed to properly investigate her complaints, failed to take corrective action, thwarted her efforts to obtain administrative relief, and deprived her of due process. *Id*. at 5, ¶ 36. She also claims that BCSD "made working conditions so difficult that a reasonable person in [Plaintiff's] position would feel compelled to resign." Id. at ¶ 38. Beyond this conclusory allegation, Plaintiff does not state what made her working conditions so difficult. She asserts that she suffered emotional distress as a result of Defendants' actions. *Id*. at ¶ ¶ 37, 39-40.

In addition, Plaintiff alleges that when she resigned from her employment with BCSD, she requested and was denied payment of both her National Board Certification Stipend and the Earned Leave Compensation that had accrued over the course of her employment. Doc. 1-2 at 2, ¶¶ 11-18. Plaintiff alleges that BCSD has policies on accrued leave and the stipend, that she had rights under an implied contract, and that BCS breached that contract. Doc. 1-2 at 6, ¶¶ 45-49. However,

Plaintiff does not quote or attach the alleged policies or contract to her Complaint. She asserts that Defendants BCSD, Sanchez, and Oshiro failed to take the necessary action to pay her. *Id*. at 3, ¶¶ 24-25. With regard to the accrued leave compensation, Plaintiff asserts that she earned accrued leave of $20,989.01 as of May 30, 2025. *Id.* at 3, ¶ 21. Plaintiff alleges that Defendants never informed her that it would be paid only to employees who left their jobs by retiring. *Id*. at ¶¶ 22. Plaintiff's allegations regarding the stipend are more confusing. She states that BCSD "is required and obligated to submit the information on her December, 2024 National Board Certification Award to the NMPED in October, 2025 for services rendered in the spring semester of 2025. [Plaintiff] agrees to receive the prorated stipend of $4,915.31 in December 2025." *Id*. at 3 ¶ 23. As of this date, it is not clear whether Plaintiff has received any portion of her stipend. And, as with the policies regarding accrued leave, Plaintiff does not enumerate or attach any contract or BCSD policies to her Complaint. However, when Plaintiff filed her response [Dkt. No. 6] to the motion to dismiss Plaintiff also filed a "Notice of Errata" [Dkt. No. 5] stating that she had erroneously filed her Complaint "without an exhibit that has been mentioned in the Complaint." To that document she attached her Complaint and Exhibit 1, which is a two-paged document. The first page is a computer printout with Plaintiff's name and employment information, including her position, start and end date, and both hourly and daily rates of pay. The second page appears to be a single page (potentially of a contract) that is signed by Defendant Sanchez but not by Plaintiff.

In her Complaint, Plaintiff asserts claims against Defendants under both state and federal law: breach of express and implied contract and constructive discharge (Count I); violation of the federal constitutional rights to due process and equal protection of the law and violation of the New Mexico state constitution (Count II); violation of the New Mexico Human Rights Act ("NMHRA"), and violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Count III).

On November 14, 2026, Defendants removed the case to this Court, asserting federal question jurisdiction under 28 U.S.C. 1331. In their motion to dismiss [Dkt. No. 3], Defendants make several arguments. First, Defendants contend that under Rule 12(b)(6), Plaintiff has failed to allege sufficient facts to state a claim for breach of express or implied contract, constructive discharge, equal protection, violation of the NMHRA, and violation of Title VII. Second, Defendants argue that Plaintiff failed to exhaust her administrative remedies under the NMHRA and Title VII. Third, Plaintiffs assert that the individual Defendants—Lawrence Sanchez, Tomasita Murphy Oshiro, and Rhett Burt ("individual Defendants") are entitled to qualified immunity on Plaintiff's constitutional claims.

## DISCUSSION

### I. Failure to Exhaust Administrative Remedies

Defendants argue that Plaintiff's claims for violation of her right to due process, violation of the NMHRA, and Title VII all fail because she did not exhaust her administrative remedies. Plaintiff has not alleged in either her Complaint or in her response brief that she has exhausted her administrative remedies as to any claim.

#### A. Due Process

Under the Fourteenth Amendment Due Process Clause, the government may not deprive an individual of a property right without due process of law. *Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir. 2009). Defendants argue that Plaintiff cannot proceed with this claim because she failed to exhaust her administrative remedies before resigning from her position. Specifically, they allege that Plaintiff was required to file a grievance under the National Education Association Collective Bargaining Agreement ("CBA") before taking her claim to court. Dkt. No. 3 at 15. Defendants do not attach the CBA to their brief; instead, they include a footnote that cites a web

page that ostensibly contains the CBA. Doc. 3 at 13 n.2. Defendants argue that the Court should consider the CBA—a matter outside the four corners of the Complaint—in deciding their motion to dismiss because her Complaint refers to the BCSD's accrued leave policy, which they contend is in the CBA. Doc. 3 at 13. In her response, Plaintiff does not respond to Defendants' argument that she failed to exhaust her administrative remedies under the CBA, nor does she argue that the Court should not consider the CBA on a motion to dismiss.[1]

Some courts have held that public employees may not assert a § 1983 due process claim before they take advantage of the processes available to them under a CBA unless those processes are inadequate. *See, e.g. Garzella v. Borough of Dunmore*, 280 F. App'x 169, 173 (3d Cir. May 21, 2008); *Turinski v. Local 104 Int'l Ass'n of Fire Fighters*, 269 F. App'x 184, 187 (3d Cir. Mar. 12, 2008). However, the Court will deny the motion to dismiss on the scant record before it. Not only have the parties not provided the Court with the CBA, they have not discussed the process that would have been available to Plaintiff had she pursued a grievance under the CBA. Thus, the Court cannot evaluate whether the procedures available to Plaintiff to dispute the denial of accrued leave and stipend benefits would have satisfied due process. This portion of the motion to dismiss, which better lends itself to assessment on a motion for summary judgment, will be denied.

[1] When reviewing a motion to dismiss under Rule 12(b)(6), the court generally may not look beyond the four corners of the complaint. *Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) ("The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true, and we will not consider evidence or allegations outside the four corners of the complaint in reviewing the district court's Rule 12(b)(6) dismissal." (quotations and citations omitted)). The Tenth Circuit, however, has recognized an exception for "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

### B. NMHRA

In Count III, Plaintiff alleges that "BCS and Sanchez violated the NMHRA and Title VII of the Civil Rights Act by creating a hostile work environment and discriminating against [Plaintiff]." Dkt. No. 1-2 at 10, ¶ 74. Count III contains no mention of any other defendant, and therefore the Court infers that Plaintiff asserts Count III against BCSD and Sanchez only.

Plaintiff argues that "[b]ecause the Human Rights Act does not provide an exclusive remedy, exhaustion of administrative remedies under the act is not a prerequisite to proceeding with an independent tort claim." Doc. 6 at 15. Plaintiff is incorrect. To bring an NMHRA lawsuit, a plaintiff is required to exhaust the administrative grievance process with respect to each defendant named in the complaint. *See Luboyeski v. Hill*, 117 N.M. 380, 872 P.2d 353, 355-56 (N.M. 1994) (dismissing claims against individual defendants who had not been respondents in an administrative proceeding); *see also Sonntag v. Shaw*, 130 N.M. 238, 22 P.3d 1188, 1193 ("Under the NMHRA, a plaintiff must exhaust his or her administrative remedies against a party before bringing an action in district court against that party."). The burden to prove exhaustion lies with the plaintiff. *Rist v. Design Ctr. at Floor Concepts*, 314 P.3d 681, 685 (N.M. Ct. App. 2013).

To exhaust remedies under the NMHRA, a plaintiff must (1) file a complaint with the New Mexico Human Rights Bureau ("NMHRB") or the Equal Employment Opportunity Commission ("EEOC") that includes sufficient allegations to support the complaint; and (2) receive an order of non-determination from the NMHRB. *See Mitchell-Carr v. McLendon*, 127 N.M. 282, 980 P.2d 65, 70 (N.M. 1999). The NMHRA further provides that the written complaint must "state the name and address of the person alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required." N.M. Stat. Ann. § 28-1-10(A).

Plaintiff has not alleged that she exhausted her administrative remedies as required by the NMHRA. Accordingly, her claim under that statute will be dismissed without prejudice. *See Luboyeski v. Hill*, 117 N.M. at 383, 872 P.2d at 356 ("Since [the plaintiff] has not gone through the administrative process that is prerequisite to suing the individual defendants under the Human Rights Act, we affirm the trial court's order dismissing those defendants.").

**C. Title VII**

Defendants argue that Plaintiff's Title VII claim should be dismissed for failure to exhaust administrative remedies. As previously noted, Plaintiff does not address this argument or claim that she has gone through the administrative process.

Exhaustion of administrative remedies serves as a jurisdictional bar to filing suit under the NMHRA, whereas it is an affirmative defense under Title VII and related federal statutes. *See Mitchell-Carr v. McLendon*, 127 N.M. 282, 287, 980 P.2d 65, 70 (N.M. 1999) (explaining that compliance with NMHRA exhaustion procedures is "effective to give the district court jurisdiction" over a NMHRA claim); *Morgan v. Cmty. Against Violence*, No. 23cv353-WPJ/JMR, 2023 WL 6976510, at *1 (D.N.M. Oct. 23, 2023) (explaining that exhaustion is a "jurisdictional bar" under the NMHRA and an "affirmative defense" under Title VII); *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 543, 139 S. Ct. 1843 (2019) (holding that Title VII's "charge-filing instruction is not jurisdictional"); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("[P]laintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."). The Court must use caution when granting a motion to dismiss on the basis of an affirmative defense. The Tenth Circuit has held that "it is proper to dismiss a claim on the pleadings based on an affirmative defense ... when the complaint

itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018); *see also Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) ("A district court may grant a motion to dismiss 'on the basis of an affirmative defense ... when the law compels that result.'") (alterations original) (quoting *Caplinger v. Medtronic, Inc*., 784 F.3d 1335, 1341 (10th Cir. 2015)).

Here, Plaintiff has alleged neither that she exhausted nor that she failed to exhaust her administrative remedies under Title VII. Therefore, her Complaint is silent on the elements of the affirmative defense, and the Complaint does not itself compel dismissal for failure to exhaust. On the other hand, in her response brief Plaintiff did not respond to Defendants' contention that she failed to exhaust, and therefore she has waived her argument that she has exhausted her administrative remedies. Whether or not that is enough for the Court to grant the motion to dismiss for failure to exhaust is unclear. However, the Court need not reach that issue, because for the reasons set forth below it finds that under Rule 12(b)(6) Plaintiff has failed to state a Title VII claim.

## II. Failure to State a Claim Upon Which Relief May Be Granted

Rule 12(b)(6) permits the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Conclusory allegations of liability, without supporting factual content, are insufficient. Mere "labels and

conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). All well-pleaded factual allegations are "viewed in the light most favorable to the nonmoving party." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc*., 757 F.3d 1125, 1136 (10th Cir. 2014).

**A. Claims Against Individual School Board Members**

Plaintiff has named individual members of the BCSD board as defendants in this case. Doc. 1-2 at 1 and ¶ 4. Defendants point out that other than naming them in the caption and identifying them as elected members of the Board of Education, Plaintiff does not allege that the individual school board members participated in any action that would subject them to liability. Dkt. No. 3 at 18. As a general rule, liability requires personal involvement. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Accordingly, Plaintiff has failed to state a claim against the individual school board members Jim Danner, Ralph Fernandez, Larry Garley, Aubrey Tucker, and Joanne Silva. All of Plaintiff's claims against them will be dismissed without prejudice.

**B. Breach of Contract**

To plead a claim for breach of contract under New Mexico law, a plaintiff must allege (1) the existence of a valid and binding contract between the parties, (2) plaintiff's compliance with the contract and his performance of the obligations under it, (3) a general averment of the performance of any condition precedent; and (4) defendant's breach of the contract resulting in damage to the plaintiff. *McCasland v. Prather*, 92 N.M. 192, 194, 1978-NMCA-098, ¶ 7 (Ct. App. 1978). *See also* Wright and Miller, 5 Fedc Prac. & Proc. Civ. § 1235 (4th ed.). The essence of a breach of contract claim is that one party violated the terms of a contract while the other party

complied with them. If a complaint fails to adequately plead the contract's terms that were allegedly violated and complied with, the claim must be dismissed for failing to state a claim. *See, e.g., Carraway v. State Farm Fire & Cas. Co*., No. 22-1370, 2023 WL 5374393, at *4 (10th Cir. Aug. 22, 2023) (affirming a district court's dismissal of a breach of contract claim when the plaintiff failed to identify a specific provision of the contract necessary to "plausibly allege[ ] justifiable nonperformance"); *Berneike v. CitiMortgage, Inc*., 708 F.3d 1141, 1151 (10th Cir. 2013) (affirming a district court's determination that a plaintiff's allegations "did not satisfy the pleading requirements in light of her failure to include how [defendant] breached the contract, which contractual provisions were violated, and how [the plaintiff] upheld her end of the agreement").

Plaintiff alleges that she "had contractual rights as a tenured teacher" with BCSD and was subject to its rules, "including its policies on accrued leave and National Board Certification Stipend." Doc. 1-2 at 6, ¶ 43, 45-46. Plaintiff suggests that these policies—which she does not specifically identify or attach—constituted both an express and an implied contract, *id*. at ¶ 48-49, which both BCSD and individual Defendants Sanchez and Tomasita Murphy Oshira ("Oshira") breached by failing to pay the accrued leave she earned. *Id*.

Defendants argue that Plaintiff has failed to plead sufficient facts to support a plausible claim of breach of contract and breach of implied contract. Dkt. No. 3 at 4-6. The Court agrees. Although Plaintiff alleges the existence of an express or implied contract in conclusory fashion, she failed to attach the alleged contract to her Complaint or to identify what specific policies or provisions of an agreement or policy Defendants breached. Although Plaintiff later filed a Notice of Errata attaching two documents, *see* Dkt. No. 5 at 14-15, she does not identify what those documents are, nor does she indicate what portions of the documents obligate Defendants to pay

her a stipend or pay her for accrued leave. The Court's examination of the documents reveals nothing on the face of either that indicates an obligation for Defendants to do so. Plaintiff's Complaint has failed to put Defendants on notice as to what BCSD promised that it then failed to deliver.

In addition, in her response brief, Dkt. No. 6 at 10, Plaintiff does nothing to move her allegations beyond conclusory assertions. The Complaint, even including the late-filed documents, falls short of providing the necessary factual details to meet the *Twombly* standard because it contains no mention of the promises that the school district or its officials may have made to her that might have formed the basis of a contract, implied or otherwise. Furthermore, Plaintiff's has failed to allege that she complied with the contract and that she performed own obligations thereunder. Therefore, Plaintiff's claims for breach of express and implied contract should be dismissed without prejudice.[2]

**C. Violation of Due Process Rights[3]**

It appears that Plaintiff is asserting an individual-capacity claim under § 1983 seeking damages against "all Defendants." Dkt. No. 1-2 at 7, ¶ 57. Although § 1983 permits "an injured

---

[2] Although Plaintiff plead her claim for constructive discharge under the same cause of action as breach of contract, the Court will discuss constructive discharge along with violation of the NMHRD and Title VII.

[3] Under Article II, § 18 of the New Mexico Constitution, "[n]o person shall be deprived of life, liberty or property without due process of law; nor shall any person be denied equal protection of the laws. Equality of rights under law shall not be denied on account of the sex of any person." This text parallels language of the Fourteenth Amendment of the U.S. Constitution, which reads, "nor shall any State deprive any person of life, liberty, or property, without due process of law; not deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV. Ultimately, both textual sources prohibit arbitrarily the taking of property or a property right without due process, and there is not a structural difference between the two. *Montoya ex rel. S.M. v. Española Pub. Sch. Dist. Bd. of Educ.*, 968 F. Supp. 2d 1117, 1120 (D.N.M. 2013).

person to seek damages against an individual who has violated his or her federal rights while acting under color of state law," including "violations that occur in the context of public employment," a plaintiff faced with qualified-immunity motion to dismiss must plausibly allege a constitutional violation. *See Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 459-60 (10th Cir. 2013).

Although her Complaint is not entirely clear, Plaintiff appears to allege that Defendants violated her procedural due process rights by depriving her of her accrued leave compensation and National Board Certification Stipend without out due process. To determine whether Plaintiff has plausibly pleaded a violation of her procedural due process rights, the Court must engage in a "familiar 'two-step inquiry.'" *M.A.K. Inv. Grp., LLC v. City of Glendale*, 897 F.3d 1303, 1308 (10th Cir. 2018) (quoting *Pater v. City of Casper*, 646 F.3d 1290, 1293 (10th Cir. 2011)). The first step asks whether Plaintiff has a constitutionally protected property interest. *Id*. For purposes of this discussion, the Court will assume that Plaintiff had a protected property interest in her teaching position at BCSD and its associated benefits, such as accrued leave. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576-77 (1972) (noting that public college professor with tenure had property interest in continued employment safeguarded by due process).

In the second step, the question is whether the defendant deprived plaintiff of this property interest. Tenth Circuit law makes clear that "[i]f [Plaintiff] resigned of her own free will, even though doing so due to the actions of [D]efendants, she voluntarily relinquished her property interest and was not deprived of her property interest without due process." *Parker v. Bd. of Regents of the Tulsa Jr. Coll.*, 981 F.2d 1159, 1162 (10th Cir. 1992). "If, however, [Plaintiff's] resignation was so involuntary it amounted to a constructive discharge, [D]efendants did deprive her of her property interest without due process." *Id*.

As the Court discusses in further detail in Subsection (E)(3) below, Plaintiff has failed to allege adequate facts to show that she had no other choice but to resign and was constructively discharged from her employment. Therefore, her due process claim will be dismissed without prejudice.

**D. Violation of Right to Equal Protection**

Plaintiff has alleged that BCSD denied payment of both her National Board Certification Stipend and her earned leave compensation, which was shown on each of her pay stubs. Doc. 1-2 at 2, ¶ ¶ 11-18. She further alleges that it would be an "unfair, unequal, and unconstitutional" application of BCSD policy to pay those benefits to those who terminate their employment but do not officially retire from BCSD. *Id*. at 3, ¶ 22. Defendants argue that Plaintiff's equal protection claim should fail not only because she did not exhaust her administrative remedies, but also because retired employees are not similarly situated to those who, like Plaintiff, resign from their employment. Dkt. No. 11 at 10-11.

Where a plaintiff is not a member of a suspect class (and Plaintiff has not alleged such membership) and does not allege the deprivation of a fundamental right (again, Plaintiff does not allege such deprivation), she may pursue a federal equal protection claim under a "class-of-one" theory. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); *Save Palisade FruitLands v. Todd*, 279 F.3d 1204, 1210 (10th Cir. 2002). These claims are disfavored because when "looking only at one individual there is no way to know whether the alleged difference in treatment was" based on "legitimate or illegitimate considerations without a comprehensive and largely subjective canvassing of all possible relevant factors." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213-14 (10th Cir. 2004). To prevail, a plaintiff "must first establish that others similarly situated in every material respect were treated differently," and "then show this

difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216 (10th Cir. 2011) (citations and quotation omitted). "It is...imperative for the class-of-one plaintiff to provide a specific and detailed account of the nature of the preferred treatment of the favored class." *Jennings*, 383 F.3d at 1214.

Plaintiff does not satisfy this demanding standard. She does not allege in any non-conclusory way that she is "similarly situated" to BCSD employees who receive payment for their accrued leave after they "officially retire" from their employment. Furthermore, Plaintiff fails to identify a single specific comparator, a requirement for a class-of-one claim. *See Rocky Mountain Rogues, Inc. v. Town of Alpine*, 375 F. App'x 887, 896 (10th Cir. 2010) (dismissing a class-of-one claim where the complaint failed to identify an adequate comparator). Plaintiff also fails to plausibly allege facts showing that Defendants' actions were irrational, abusive, or wholly unrelated to any legitimate state activity. *Kansas Penn Gaming*, 656 F.3d at 1216. Accordingly, Plaintiffs' federal class-of-one equal protection claim will be dismissed without prejudice.

Article II, Section 18 of the New Mexico Constitution provides that no person "shall ... be denied equal protection of the laws." "Like its federal equivalent, this is essentially a mandate that similarly situated individuals be treated alike, absent a sufficient reason to justify the disparate treatment." *Wagner v. AGW Consultants*, 2005–NMSC–016, ¶ 21, 137 N.M. 734, 114 P.3d 1050. Under New Mexico's equal protection analysis, the Court must first determine "whether the legislation creates a class of similarly situated individuals and treats them differently." *Griego v. Oliver*, 2014-NMSC-003, ¶ 27, 316 P.3d 865. If so, "we then determine the level of scrutiny that applies to the challenged legislation and conclude the analysis by applying the appropriate level of scrutiny to determine whether the legislative classification is constitutional." *Id.* Again, Plaintiff

has not alleged that Defendants treated her differently than any similarly situated individual. Accordingly, her New Mexico equal protection claim will be dismissed without prejudice.

**E. Violation of the NMHRA, Violation of Title VII, and Constructive Discharge**

Plaintiff alleges that BCSD and Sanchez violated the NMHRA and Title VII "by creating a hostile work environment and discriminating against [Plaintiff] contrary to the provisions of the Acts and failing to take proper corrective measures." Doc. 1-2 at 10, ¶ 74. Therefore, the Court interprets Plaintiff's Complaint as attempting to assert claims of both discrimination and hostile work environment. Defendants argue that Plaintiff has failed to plead viable claims under these statutes because she fails to allege that she was targeted or discriminated against on the basis of race, age, religion, color, national origin, ancestry, sex, sexual orientation, gender identity, pregnancy, childbirth or other protected status. Doc. 3 at 17.

Both the NMHRA and Title VII make it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); *see also* NMSA 1978, § 28-1-7(A). Generally, a Title VII discrimination claim must plausibly allege: (1) membership in a protected class, (2) adverse employment action, and (3) circumstances giving rise to an inference of discrimination. *See Ibrahim v. All. for Sustainable Energy, LLC*, 994 F.3d 1193, 1200 (10th Cir. 2021). Although Title VII does not explicitly mention hostile work environment, a victim of a hostile work environment as a result of their membership in a protected class may nevertheless bring a cause of action under Title VII. *See Tademy v. Union Pac. Corp*., 614 F.3d 1132, 1138 (10th Cir. 2008) (*quoting Ford v. West*, 222 F.3d 767, 775 (10th Cir. 2000)). For example, to state a racially hostile work environment claim under Title VII, a plaintiff must allege: (1) membership in a protected class;

(2) he was subjected to unwelcome harassment; (3) the harassment was due to race; and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of his employment and created an abusive environment. *See Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015); *see also Young v. Colorado Dept. of Corr.*, 94 F.4th 1242, 1249 (10th Cir. 2024) (same). "In determining whether [a plaintiff has] made the requisite showing, we must consider a variety of factors, including, 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1365 (10th Cir. 1997) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367 (1993)).

Plaintiff's Complaint fails to plead sufficient facts from which it may be reasonably inferred that she was a member of a protected class or that she suffered discrimination based on membership in a protected class. In addition, the Complaint is completely devoid of any allegation that membership in such a group was a motivating force behind her employer's treatment of her. Plaintiff's sole response on this point is that "[w]hile the Complaint does not explicitly state which protected class Plaintiff belongs to or which specific provisions of the NMHRA were violated, these are legal conclusions that can be reasonably inferred from the factual allegations in the Complaint." Doc. 6 at 15. Plaintiff's response and the "allegations" upon which it relies are insufficient. The Defendants and the Court should not be forced to guess the basis of Plaintiff's claims. On this alone, Plaintiff's NMHRA and Title VII claims, including constructive discharge, should be dismissed without prejudice for failure to state a claim.

However, the Court will note that each of these claims should all be dismissed for the additional reason that the Complaint contains scant facts to support the other elements of those claims.[4] Those reasons are set forth below.

1. Discrimination under NMHRA and Title VII

Beginning with discrimination, Plaintiff has failed to allege sufficient facts to support an inference that she suffered an adverse employment action. Plaintiff alleges that the former high school principal attempted to move Plaintiff to a different classroom within the same school but was directed not to do so by the Superintendent. Dkt. No. 1-2 at 4, ¶ 30. On the other hand, when Defendant Burt became Principal he did move her to a "completely inadequate room" that "would not improve student learning, collaboration or teaching effectiveness." *Id.* at ¶ 29. Plaintiff does not plead any facts about the new classroom that would render her working conditions intolerable or even unpleasant. She does not plead any facts that show why the room is inadequate. Plaintiff alleges that Burt "said he would do it (i.e., move her) because he can. He stated he will not move others to accommodate Plaintiff' but would move her to accommodate others." *Id.* at ¶ 30. Beyond the allegations already described above in the body of the Complaint, Plaintiff's allegations regarding her claim of Title VII are merely conclusory, such as the allegation that "BCS and Sanchez violated . . . Title VII of the Civil Rights Act by creating a hostile work environment and discriminating against Mrs. Wisneski contrary to the provisions of the Act[]." Doc. 1-2 at 10.

[4] Although Defendants have not raised this argument, the Court notes that Title VII does not provide for claims against individual supervisors in their personal capacities. *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) ("personal capacity suits against individual supervisors are inappropriate under Title VII") (quoting *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996)). Plaintiff's Title VII claims against the individual Defendants could be dismissed on that ground as well.

The fact that a teacher is moved to an allegedly "inadequate" classroom does not rise to the level of an adverse employment action where Plaintiff includes no facts demonstrating why the move to the classroom in question results in harm regarding a condition of her employment. The same is true of the office gossip that she alleged took place. To make out a Title VII discrimination claim, a plaintiff must show that her employer took an action constituting a disadvantageous change in the terms of her employment, which is not an especially high bar. *See Muldrow v. City of St. Louis, Mo.*, 601 U.S. 346, 354, 144 S. Cit. 967 (2024). Plaintiff merely "must show some harm respecting an identifiable term or condition of employment." *Id*. at 355. Here, Plaintiff's allegations are too non-specific to rise to even that level. Plaintiff does not allege, for example, what was said, how often the office gossip took place and over what period of time, or how it affected any condition of her employment. For this additional reason, her discrimination claim will be dismissed without prejudice.

2. Hostile Work Environment

With regard to a hostile work environment, a plaintiff must "plead facts sufficient to show that the work environment "is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. A plaintiff must allege facts showing that the work environment "is both subjectively *and* objectively hostile or abusive" under this standard." *Brown v. LaFerry's LP Gas Co*., 708 F. App'x 518, 520 (10th Cir. 2017) (citation omitted, emphasis in original). The Supreme Court has "made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment," and that "isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275 (1998) (internal quotation marks omitted).

Plaintiff alleges that in addition to being moved to a different classroom, someone from "the Principal's office" leaked a "confidential discussion" (the contents of which she does not describe) to several unnamed staff members, custodians and security staff who "were discussing that [Plaintiff] would be fired if she refused to move" and discussing other matters from the "private confidential personnel meeting." *Id.* at ¶ 30. Plaintiff asserts that by communicating "confidential personnel matters affecting [Plaintiff]," Defendant Burt damaged her reputation. *Id.* at ¶ 31. When Plaintiff told Defendant Sanchez about this, he told her that nothing would change. *Id.*[5]

Again, Plaintiff's Complaint lacks sufficient factual allegations as opposed to conclusory allegations to support a claim for hostile work environment. Plaintiff has not explained why the transfer to a different room in the same school and some vague allegations about disclosure of a confidential discussion result in an atmosphere that is so pervasively hostile or abusive that it alters the conditions of Plaintiff's employment. This claim will be dismissed without prejudice.

3. Constructive Discharge

With regard to constructive discharge, a plaintiff must plead facts that "show that the employer made working conditions so intolerable, when viewed objectively, that a reasonable person would be compelled to resign...." *Littell v. Allstate Ins. Co.*, 143 N.M. 506, 177 P.3d 1080, 1090 (quoting *Ulibarri v. State of N.M. Corr. Acad.*, 139 N.M.193, 131 P.3d 43, 49 (N.M. 2006)). *See also See Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1135 (10th Cir. 2004). "Essentially, [he] must show that [he] had no other choice but to quit." *Gormley v Coca-Cola Enters.*, 137 N.M.

[5] The remainder of Plaintiff's allegations are conclusory. They include the assertions that she was "was forced to resign as a result of a hostile work environment," Dkt. No. 102 at 4, ¶ 28, and that BCSD "made working conditions so difficult that a reasonable person in Plaintiff's position would feel compelled to resign," *Id.* at 5, ¶ 38.

192, 109 P.3d 280, 283 (N.M. 2005) (quoting *Yearous v. Niobrara Cnty. Mem'l Hosp.*, 128 F.3d 1351, 1356 (10th Cir. 1997) (internal quotation and citations omitted) (alteration in original)). "'The bar is quite high' for proving constructive discharge." *Gormley*, 109 P.3d at 283 (quoting *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1221 (10th Cir. 2002) (internal citation omitted)). The New Mexico Supreme Court listed "[e]xamples of adverse employment actions that rise to the level of constructive discharge[,]" including

> a humiliating demotion[;] extreme cut in pay[;] ... transfer to a position in which [the employee] would face unbearable working conditions[;] ... an employer's threat of being fired; overt pressure to resign and accept early retirement; dramatic cut in pay; and retaliatory measures (e.g., discrimination, unreasonable criticism, involuntary transfer).

*Gormley*, 109 P.3d at 283 (quotation and citations omitted).

Here, Plaintiff has alleged no facts from which one could infer that she was facing "unbearable working conditions" as a result of being moved to the new classroom. Similarly, Plaintiff's allegations regarding a leak of a "confidential discussion" and generalized, non-specific gossip among coworkers are too general to support a conclusion that Plaintiff's working conditions are intolerable. Accordingly, this claim will be dismissed without prejudice for the additional reason that Plaintiff has failed to plead facts to show that she was compelled to resign.

**III. Qualified Immunity**

Defendants argue that Plaintiff's constitutional claims should be dismissed because the individual Defendants have qualified immunity under § 1983. However, the Court need not reach this argument because it has found that Plaintiff has failed to allege plausible claims for violation of her constitutional rights.

**CONCLUSION**

For the reasons described herein, the Court will dismiss all of Plaintiff's claims without prejudice. However, the Court will grant Plaintiff's request and allow her to file an amended complaint so that she may attempt to cure the deficiencies in her pleadings, to the extent she is able to do so in good faith. Plaintiff's amended complaint must be filed no later than **August 21, 2026**.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Dismiss All Claims* [Dkt. No. 3] is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. If she chooses, Plaintiff may file an amended complaint no later than **August 21, 2026**.

______________________________
SENIOR UNITED STATES DISTRICT JUDGE